**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARLISLE B. EVANS,

      Appellant,

     v.

DEPARTMENT OF VETERANS
  AFFAIRS,

      Agency.

DOCKET NUMBER
SF-0752-15-0566-I-1

DATE: May 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jerry Girley</u>, Esquire, Orlando, Florida, for the appellant.

<u>Maureen Ney</u>, Esquire, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal for inappropriate conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant was employed as a Materials Handler, WG-05, at the agency's Long Beach Health Care System in Long Beach, California. Initial Appeal File (IAF), Tab 6 at 38. On March 20, 2015, the agency proposed to remove the appellant based upon four specifications of inappropriate conduct. *Id.* at 49-51. The first specification alleged that the appellant yelled at his coworker, called him derogatory names, and told him that he would die and that he would kill him. *Id.* at 49. Specifications 2 and 4 alleged that the appellant left his Personal Identity Verification (PIV) card[2] in a computer unattended, and specification 3 alleged that the appellant sent an email that falsely claimed a coworker threatened to cut his head off with a machete. *Id.* In an April 22, 2015 decision, the deciding official sustained all four specifications and removed the appellant from Federal service, effective May 8, 2015. *Id.* at 40.

---

[2] A PIV card is used by the Federal Government to access Federally controlled facilities and information systems.

¶3      The appellant filed an appeal with the Board, disputing the underlying facts of specifications 1 and 3, and alleging that his removal was the result of whistleblower retaliation. IAF, Tab 1 at 2, 11-12. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the appellant's removal, sustaining specifications 1, 2, and 4. IAF, Tab 17, Initial Decision (ID). In sustaining the first specification, the administrative judge reviewed the statements and testimony of three corroborating witnesses, who confirmed that the appellant yelled at his coworker, called him derogatory names, and threatened to kill him. ID at 5-7. The administrative judge also reviewed and analyzed the surveillance video of the altercation and found that it was inconsistent with the appellant's claims that it was his coworker, and not he, who was the aggressor in the altercation. ID at 8-9. As for specifications 2 and 4, she found that the agency established, by preponderant evidence, that the appellant had left his PIV card unattended in his computer. ID at 11. She did not sustain specification 3, however, finding that it was plausible that the appellant intended to communicate in his email that the coworker had, in the past, threatened to cut his head off with a machete, but had not threatened him on that very day. ID at 13.

¶4      Turning to the appellant's claims of whistleblower retaliation, the administrative judge found that, while the appellant established that he had made a protected disclosure that was a contributing factor in his removal, the agency had established by clear and convincing evidence that it would have removed the appellant absent his whistleblowing activities. ID at 15, 17-18. She then explained that the agency established nexus. ID at 18. Finally, the administrative judge concluded that the deciding official considered the relevant factors, and that the removal did not exceed the tolerable limits of reasonableness. ID at 19. Accordingly, she affirmed the appellant's removal. ID at 21.

¶5      The appellant filed a petition for review, arguing that the administrative judge erred first in her handling of the surveillance video, then in finding that the

proposing official had little motive to retaliate, and finally, in concluding that the agency considered all relevant factors and that the penalty of removal was reasonable.[3] Petition for Review (PFR) File, Tab 1 at 3-5. The agency responded to the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge did not err in her handling of the surveillance video.

¶6     On review, the appellant argues that the administrative judge erred because she failed to mention the "significant fact" that the deciding official only viewed the surveillance video for the first time at the hearing, and also claims that she should not have allowed the deciding official to view the video at the hearing. PFR File, Tab 1 at 3-4. We view the appellant's claims as alleging that the agency committed harmful error, i.e., that it erred in the application of its procedures in the removal action. To prove harmful error, the appellant must prove that the agency committed an error in application of its procedures and that it is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 9 (2016); *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). The burden is on the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his or her rights. 5 C.F.R. § 1201.4(r).

¶7     First, there is no evidence in the record that the agency committed an error. There is nothing in the record to suggest that the video was in the materials relied

---

[3] On review, the appellant does not dispute the administrative judge's findings sustaining the second or fourth specification or establishing nexus. PFR File, Tab 1. As the record supports the administrative judge's findings, we discern no reason to challenge these findings. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

on in proposing the appellant's removal, nor is there any evidence that the deciding official was under any obligation by agency policy to review the video before making his decision. Further, any alleged error was not harmful, as the deciding official testified at the hearing that he would still have removed the appellant from Federal service even after viewing the video. Hearing Recording (HR) (testimony of deciding official).

¶8    As for the appellant's argument that the administrative judge should not have allowed the deciding official to view the video at the hearing, we note that not only did the appellant fail to object at the hearing, but his attorney told the administrative judge that he would like the deciding official to view the video during testimony. HR (statement of the appellant's representative during the testimony of the deciding official). Therefore, the appellant's argument is not only disingenuous, but because he failed to object to the decision at the hearing, he cannot raise such an objection on review.[4] *See Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 5 (2015) (rejecting the appellant's argument on review

---

[4] The appellant also claims that the administrative judge's decision to allow the deciding official to view the video constituted "clear evidence of [a] lack of impartiality." PFR File, Tab 1 at 4. As the appellant's attorney confirmed that he wished the deciding official to view the video at the hearing, we fail to see how this ruling could possibly constitute evidence of bias against the appellant. HR (statement of the appellant's representative during the testimony of the deciding official). Nonetheless, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540 (1994)); *Smets*, 117 M.S.P.R. 164, ¶ 15. Under these circumstances, the appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, do not overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that she shows a deep-seated favoritism or antagonism that would make fair judgment impossible. *Bieber*, 287 F.3d at 1362-63.

that he did not have sufficient time to review new evidence when the appellant did not object to the administrative judge's order establishing the timelines); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that an appellant's failure to object to the administrative judge's ruling during the proceedings below precluded him from doing so on petition for review).

¶9      The appellant also asserts on review that the administrative judge mischaracterized the contents of the video, which he claims supports his innocence in the altercation. PFR File, Tab 1 at 3-4. We disagree. The record supports the administrative judge's decision to sustain the first specification. ID at 9. The agency alleged in specification 1 that the appellant told his coworker that he would die, and that he would kill him, and that he yelled and called his coworker derogatory names. IAF, Tab 6 at 49. Four witnesses provided testimony and statements confirming that the appellant engaged in this very behavior. *Id.* at 49, 63-66, 70; HR (testimony of material handler, testimony of motor vehicle worker, testimony of warehouse worker, testimony of supply technician). Further, although the appellant claims that the surveillance video is critical, the video has no audio. HR (testimony of the deciding official). The surveillance video, without audio, has little probative value and does not outweigh the other evidence in the record which establishes, by preponderant evidence, that the appellant engaged in the behavior described in specification 1. Accordingly, the administrative judge properly sustained that specification. ID at 9.

The administrative judge was correct in finding that the agency established by clear and convincing evidence that it would have removed the appellant absent his whistleblower activity.[5]

¶10      In a removal appeal, an appellant's whistleblowing reprisal claim is treated as an affirmative defense. *Ayers v. Department of the Army*, 123 M.S.P.R. 11,

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

¶ 12 (2015). In such an appeal, once the agency proves the charges by a preponderance of the evidence, the appellant must show by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action. *Id.* An employee may demonstrate that a protected disclosure was a contributing factor in a personnel action through the knowledge/timing test, i.e., circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015). If the appellant establishes a prima facie case of whistleblowing reprisal, then the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent any protected activity. *Ayers*, 123 M.S.P.R. 11, ¶ 5.

¶11 Here, the administrative judge found the following facts, which are undisputed: the appellant, 4 or 5 years prior to his removal, made disclosures to the proposing official that other employees in the warehouse engaged in improper use of Government vehicles, removed pallets from the warehouse to be sold for profit, made threats against him, and slept on duty. ID at 14. Subsequently, 7 or 8 months before the agency removed the appellant, he raised some of these concerns to the deciding official, and specifically mentioned the proposing official by name. ID at 14-16. Accordingly, the administrative judge found that both the proposing and deciding officials had knowledge of the appellant's disclosures, and that, through the knowledge/timing test, his disclosures were a contributing factor to his removal. ID at 15.

¶12 She therefore proceeded to the question of whether the agency proved by clear and convincing evidence that it would have removed the appellant absent his protected disclosures. *Id.* In determining whether an agency met its clear and convincing burden, the Board will consider the following factors: the strength of

the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Looking at the first *Carr* factor, the administrative judge found that the agency established that the appellant had engaged in serious misconduct and that it had strong evidence to support the removal action. ID at 17. Regarding the second *Carr* factor, the administrative judge found that deciding official had a very weak motive to retaliate, and the proposing official had little motive to retaliate because more recent inquiries were made into the appellant's disclosures, and the removal action was reviewed and sustained by the deciding official, who had no motive to retaliate; thus, any motive from the proposing official would have been greatly diminished. ID at 16. Finally, as for the third *Carr* factor, the administrative judge found that the agency did not present any comparator evidence, and thus this factor did not weigh in either party's favor. ID at 17.

¶13      On review, the appellant challenges the administrative judge's finding that the proposing official had little motive to retaliate. PFR File, Tab 1 at 3. Specifically, the appellant asserts that the proposing official had motive to retaliate because the appellant had reported to the deciding official several months prior to his removal that the proposing official was "involved in graft and corruption with respect to the unauthorized selling of VA property." *Id.* As an initial matter, at no point while the matter was pending in front of the administrative judge did the appellant assert that he disclosed to the deciding official that the proposing official was involved in the "graft and corruption" regarding the theft of agency property. Nevertheless, our reviewing court has found that those responsible for the agency's performance overall may be motivated to retaliate against an individual who made protected disclosures, even if they are not directly implicated by the disclosures, and even if they do not

know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012). In other words, even if the responsible agency official is outside the whistleblower's chain of command, or is not directly involved or named in the disclosure, it does not automatically prove that the official had no motive to retaliate, especially if the whistleblower has made a highly critical accusation of the agency's conduct that may reflect on that official's capacity as manager or employee. *Id.* at 1371. Further, "[w]hen applying the second *Carr* factor, the Board will consider any motivate to retaliate on the part of the agency official who ordered the action, as well as any motivate to retaliate on the part of other agency officials who influenced the decision." *Id.* (quoting *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 62 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012)). Since direct evidence of the proposing or deciding official's retaliatory motive is typically unavailable, Federal employees are entitled to rely on circumstantial evidence to prove a motive to retaliate. *Whitmore*, 680 F.3d at 1371.

¶14      Here, we find that the evidence supports the administrative judge's determination that the proposing official had little motivation to retaliate against the appellant. ID at 16. There is nothing in the record to suggest that any inquiries into the appellant's disclosures revealed misconduct by the proposing official, and the proposing official appears to have suffered no consequences as a result of those disclosures. Thus, it is unlikely that the proposing official would have a motive to retaliate against the appellant 4 or 5 years later after disclosures that resulted in no adverse consequences for him. Further, although the appellant asserts on review that he mentioned the proposing official by name when reiterating his disclosures to the deciding official, there is no evidence in the record that establishes that the proposing official had any awareness of the

appellant's most recent disclosure.[6] Accordingly, we agree with the administrative judge that the proposing official had little motive to retaliate against the appellant for his disclosures made years prior to the removal. ID at 16.

¶15    As for the deciding official, we also agree with the administrative judge's conclusion that he had a very weak motive to retaliate. *Id.* In response to the disclosures, the deciding official testified that he reviewed copies of complaints from the appellant and other employees filed with the VA police dating back to 2000, discussed the disclosures with an Associate Director, and established that the claims were unsubstantiated. HR (testimony of the deciding official). There is nothing in the record to suggest that the appellant's disclosures directly implicated the deciding official. However, consistent with the guidance issued by our reviewing court discussed previously, an official may have a motive to retaliate even though he was not directly implicated, because such criticism reflects on him as a manager. *See Whitmore*, 680 F.3d at 1370. Nonetheless, we still find little support for the proposition that the deciding official had a motive to retaliate against the appellant. The deciding official was not implicated in the appellant's disclosures, and even more notably, the deciding official had only been Director of the Medical Center for several months at the time of the appellant's protected disclosures. HR (testimony of the deciding official). Furthermore, prior to his role as Director of the Long Beach Medical Center, the deciding official was a Deputy Network Director in Vancouver, Washington, and thus, was not even at the Long Beach Medical Center at the time the majority of the appellant's complaints occurred. HR (testimony of the deciding official).

---

[6] Neither the deciding official nor the appellant testified that the proposing official knew of the appellant's disclosures to the deciding official. HR (testimony of the appellant, testimony of the deciding official). In their prehearing submissions, neither party requested the proposing official as a witness at the hearing, and thus we do not have any testimony from the proposing official as to his knowledge of the more recent disclosures. IAF, Tab 11 at 5-6, Tab 12 at 3.

Therefore, because the majority of the appellant's complaints encompassed the time prior to his tenure as Director and his tenure at the Long Beach Medical Center, these complaints would not have reflected poorly on him as a manager. Thus, we agree with the administrative judge that the deciding official had little motive to retaliate against the appellant. ID at 16.

¶16 Finally, as for the third *Carr* factor, the Government bears the risk associated with having no evidence on the record for this factor. *Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016). Our reviewing court has acknowledged that while the absence of any evidence relating to this factor can effectively remove that factor from the analysis, the agency's failure to produce evidence on the third fact "may be at the agency's peril." *Id.* (quoting *Whitmore*, 680 F.3d at 1374 (internal citations omitted)). Thus, lack of evidence for the third factor may add little to the overall analysis, but, if anything, tends to cut slightly against the agency. *Miller*, 842 F.3d at 1262. Here, the agency produced no evidence as it relates to comparator evidence; accordingly, the third factor adds nothing to the analysis, but, if anything, cuts slightly against the agency. Nonetheless, given the strength of the agency's evidence justifying the removal of the appellant, along with the minimal motive to retaliate by those involved with the removal, we agree with the administrative judge that the agency established by clear and convincing evidence that it would have removed the appellant absent his whistleblower activities. ID at 17-18.

The removal penalty is within the bounds of reasonableness.

¶17 The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 29 (2009). When all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and only should be reviewed to determine whether it is within the parameters of reasonableness. *Id.* The Board's function

is not to displace management's responsibility or to decide what penalty would impose, but to assure that management's judgement has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id.*

¶18      The appellant asserts that the deciding official failed to consider two *Douglas* factors, the consistency of the penalty with that imposed on the coworker involved in the altercation, and the mitigating circumstances surrounding the offense such as unusual job tension caused by the ongoing issues he had with several supervisors. PFR File, Tab 1 at 4. The consistency of an agency-imposed penalty with those imposed on other employees for the same or similar offenses is one factor that Board will considered in determining whether the penalty is reasonable. *Voss v. U.S. Postal Service*, 119 M.S.P.R. 324, ¶ 6 (2013). When analyzing a disparate penalty claim, broad similarity between employees is insufficient to establish that they are appropriate comparators, and the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. Singh *v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 11-14. We do not believe the appellant has established that his conduct and his coworker's conduct were substantially similar. The record demonstrates that the appellant was the aggressor of the altercation, including threatening bodily harm to his coworker, which is consistent with the appellant's two previous disciplinary actions for disrespectful conduct. HR (testimony of the deciding official, testimony of motor vehicle worker, testimony of warehouse worker, testimony of supply technician); IAF, Tab 6 at 45, 49, 64-66, 70. The appellant has not presented any corroborating evidence that his coworker had a similar disciplinary history, or engaged in such egregious conduct during the altercation as the appellant. Thus, we do not find that a reasonable person could conclude the agency treated similarly situated employees differently.

¶19      As for the appellant's claim of unusual job tension, the appellant asserts that he had issues with several supervisors prior to this incident. PFR File, Tab 1

at 4. However, he has not explained how these tensions, with supervisors not involved in the altercation, somehow caused him to engage in the misconduct or influenced his conduct in any way. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (explaining that a relevant factor in determining the appropriate penalty may be the mitigating circumstances that surround the particular charged offense). Thus, we are unpersuaded by the appellant's claim of unusual job tensions as it does not explain his actions.

¶20 Instead, the deciding official considered the seriousness of the misconduct and the ramifications on its personnel, which is consistent with the Board's view of placing primary importance upon the nature and seriousness of the offense and its relation to the appellant's positon, duties, and responsibilities. HR (testimony of the deciding official); *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010). He also considered the appellant's prior discipline, concern for the safety of other employees, and the agency's table of penalties. HR (testimony of the deciding official). Therefore, we agree with the administrative judge that the deciding official considered all relevant factors, and that the penalty of removal is well within the bounds of reasonableness for the appellant's misconduct. ID at 20-21.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.